UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON - DIVISION

| | | |
|---|---|---|
| DENNIS SPURLING | * | NUMBER: |
| *Plaintiff* | * | |
| | * | SECTION: |
| VS. | * | |
| | * | JUDGE: |
| | * | |
| THE CITY OF HOUSTON,  THE | * | MAGISTRATE: |
| HOUSTON POLICE DEPARTMENT | * | |
| (HPD) CHARLES MCCLELLAND, HPD | * | CIVIL RIGHTS Under 42 USC |
| OFFICERS JOHN DOE AND JAMES DOE | * | 1983, 1986 and 1988 |
| *Defendants* | | |

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

### I. JURISDICTON

1. This action is brought pursuant to 42 U.S.C. 1983, 1986 and 1988. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343, the First, Second, Fourth, Ninth and Fourteenth Amendments to the Constitution of the United States. Pendant jurisdiction over state law claims is invoked.

### II. PARTY PLAINTIFF

2. Plaintiff Dennis Spurling is a person of the full age of majority and is a resident of the Southern District of Texas.

### III. PARTY DEFFENDANTS

3. Defendants CITY OF HOUSTON, made a defendant herein, is a political subdivision of the State of Texas and a municipal corporation, which was at all relevant, times the employer of the defendant police officers, supervisory officers and Chief of Police. Defendant City of Houston is directly liable for the acts complained of herein due to the policies, practices and customs of its police department and its employees. It is also responsible for the hiring, training discipline and supervision of the defendant police officers, defendant supervisors and defendant Police Chief. Defendant City of Houston is also vicariously liable for the actions of the defendant police officers, supervisors Police Chief as described herein, under the state law.

1

4. Defendant HOUSTON POLICE DEPARTMENT and CHIEF CHARLES MCCLELLAND is the employer of the defendant officers and the Chief of Police for the City of Houston at all pertinent times herein and is vicariously responsible and responsible under the theory of Respondeat Superior for the actions of Chief of Police Charles McClelland and Officers James Dow and John Dow. Defendant McClelland is responsible for the policies, practices and customs of the Houston Police Department, as well as the hiring, training, supervision, discipline and control of the police officers under their command which includes the defendant officers and supervisors. On information and belief, defendant McClelland is a resident of the City of Houston with is within the territorial bounds of the Southern District of Texas. He is hereby sued in his individual and official capacity as chief of police. At all pertinent times herein he was acting under color of law and in the course and scope of his employment. As Chief of police and final police decision maker for the City of Houston relating to police practices, policies and procedures.

5. Defendant HPD OFFICERS JOHN DOE AND JAMES DOE are each persons of the full age of majority and a resident of the Southern District of Texas. At all pertinent times herein, each was employed as a police officer with the City of Houston Police Department and was acting in the course and scope of his or her employment and under color of law. They are each sued individually and his or her official capacity.

## IV. STATEMENT OF FACTS

6. On Friday, November 14th, 2014 at approximately 8:00pm Dennis Spurling, stepped off of the elevators in the Chase bank Building located at 3003 South Loop West, Houston, Texas accompanied by a Kelly Jones. They then exited the glass doors and stopped at the ATM located in the outside atrium. Dennis Spurling then removed his wallet from his rear left pocket to retrieve his ATM card. At which time he proceeded to utilize the machine to withdraw money from the ATM. Upon completion Dennis Spurling took the money in his left hand and the receipt in his right hand and turned around.

7. Upon turning around he was surprised by two young males dressed in dark clothing with dark beanies covering their heads who had emerged from the dark not more than 10 feet away with their hands on their waste line. The two men who had suddenly appeared out of the dark said nothing and their first words to Dennis Spurling were put your hands up. Shocked and surprised by their appearance and aggressive and threatening manner both Dennis Spurling and Kelly Jones peaceably complied with the order. One of the men then asked both persons if they had any weapons on them.

8. Finally realizing that the two young man who had failed to identify themselves were not young thugs come attempting to rob him but possibly security guards. Still with both hands raised, money in one and receipt in the other Dennis Spurling responded that he had a Concealed Hand Gun License and that he had his weapon on him. At this point Dennis Spurling finally recognized that the two men who had finally emerged into the light of the atrium and were dressed like "young thugs" in dark clothing and dark beanie's where not

robbers but Houston Police Department officers from the yellow printed insignias on their dark blue cold weather uniforms.

9. The officers had still not identified themselves and their patrol vehicle was blacked out which allowed them to sneak up behind unseen without being noticed. The officers John Doe and James Doe then proceeded to handcuff and arrest Dennis Spurling and Kelly Jones who both complied without resistance. Thereafter Officer James Doe removed Dennis Spurling's firearm from his waist and placed it on the ground between the two trash receptacles that stand at the edge of the atrium. Then Kelly Jones and Dennis D. Spurling were separated; Kelly Jones was forced to sit by the glass front Door leading into the building and Dennis Spurling was forced to sit on the ground nearest the Stairs to the right of the trash receptacles as Officer John Doe stood watch.

10. Dennis Spurling look out into the parking lot while people approached looking at him and Kelly Jones handcuffed and sitting on the ground under arrest in the cold dark night. As others gathered in the atrium inside of the building peering through the glass double doors as Dennis and Kelly both black people sat on the ground in the handcuffed with their hands behind their backs. The experience was intended to be humiliating and demoralizing and it was for Mr. Spurling. However Dennis Spurling although he had done nothing to deserve such extreme treatment continued to wait patiently while Officer James Doe conducted his investigation.

11. As enough time elapsed that Dennis Spurling contemplated what would have happened had he reached for his weapon thinking he was being robbed by the two males who failed to announce they were police officers, and the ramifications were horrifying. Out of fear for his life and the Life Of Kelly Jones a very petite woman he would have tried to fend off the Would be robbers who had approached like bandits so often do victims of ATM machine robberies. In attire and motive their was no difference in the manner by which officer James Doe and Officer John Doe approached Mr. Spurling then their would be two crooks.

12. At some point Dennis Spurling still sitting on the ground in the dark frustrated with the process he beaconed Officer John Doe over who was standing guard and asked him how much longer the James Doe's investigation would take. Dennis Spurling explained to Officer John Doe that being handcuffed on the ground was humiliating and that he still had his money and his receipt from the bank ATM machine in his hands cuffed behind his back. Officer John doe then took the money from Mr. Spurlign hand and placed it in his left jacket pocket.

13. Mr. Spurling went on to explain to the officer John Doe that he was an Attorney and advertised heavily on television and had a public image to protect. The more people that saw Attorney Dennis Spurling on the ground under arrest in handcuffs the more damage would be done to his reputation and good will in the community. Officer John Doe responded to Mr. Dennis Spurling by saying that I can place you in the back of the patrol car and proceeded to try and help Mr. Spurling off of the cold hard ground. This was not a better option because it would allow Mr. Spurling to be paraded across the parking lot in handcuffs escorted by the

police officer which would create more damage to his reputation and Good Will. With this in mind Mr. Spurling, a 14 year veteran on the law profession, sworn officer of the court, licensed to practice law in four states and before the Supreme Court of the United States and arguably the most visible Black Attorney in the City of Houston was left to remain under arrest sitting outside in the dark on the ground in front of his law office.

14. Officer James Doe returned after completing his investigation and two other officers arrived on the scene. The investigation revealed the buildings cleaning lady while cleaning the Chase bank building negligently and mistakenly tripped or hit the "panic button." This alerted the Houston Police Department that a theft was occurring inside the bank which closed for business at 6pm that evening. Upon arriving the Officers John Dow a white male and James Dow an Asian male saw Dennis Spurling standing at the ATM machine outside of the building.

15. It was not until after Mr. Spurling completed his ATM transaction and turned around and identified as a black male that he was immediately treated as a suspect and told to place his hands in the air. Their was simply a panic button pushed and the officers had no description of a potential suspect. Neither officer asked Kelly Jones who is a very fair complexioned Creole nearly white looking black female who had always been in plain view to place her hands in the air until after Mr. Spurling was identified as a black male.

16. The investigation revealed that a false alarm and Mr. Dennis Spurling was helped up off of the ground but he still was not released to go. Instead he was questioned further as to his identity. Mr. Spurlign politely responded that to Officer James Dow telling him his name was Dennis Spurling and that he was a lawyer. He told Officer James Dow that his wallet was in his left rear pocket and that it contained both his drivers license and CHL. The officers removed the wallet ant at Mr. Spurling's request Mr. Spurling business cards from his right rear pocket which had a more recent photograph. The state identifications showed Mr. Spurling's home address and date of birth and the Business cards showed that his law office address was on the 4th Floor of the Chase Bank Building were they stood. Still not satisfied the officers asked Mr. Spurling his birth date which he kindly gave to them.

17. Officer James Dow then finally proceeded to remove the handcuffs from Mr. Spurling and John Dow then proceeded to remove the handcuffs from Ms. Jones. Officer James then began to apologized profusely for the unlawful arrest. After a check was run on Mr. Spurling firearm he was walked he and Mr. Spurling were walked to her car where it was returned to him. As the officers drove away they again apologized to Mr. Spurling for the unlawful arrest and the humiliation suffered.

18. There was no lawful basis for the arrest of Attorney Dennis Spurling which took place in front of his law office on November 14th, 2014 at approximately 8:10 pm. There was no Reasonable Suspicion to believe that he had or was about to commit a crime. He was simply using the ATM machine on the way home after work and making sure Ms. Kelly Jones got to her car safely before he left work.

19. Mr. Spurling was **_Racially Profiled_** and taken forcibly away from the ATM machine in handcuffs and placed on the ground in handcuffs, in the presence of his office neighbors and friends, and done against his will by the Houston Police Department.

20. There was no lawful basis or probable cause for the seizure and removal of Mr. Spurling's firearm done in violation of his second amendment right to "bear arms."

21. During this ordeal, Officers James Doe and John Doe were acting in an agitated and aggressive manner and caused Mr. Spurling to become afraid for his personal safety and well-being and that of Ms. Kelly Jones. The forced used against Mr. Spurling's a law abiding citizen was unauthorized, excessive and unreasonable for an arrest.

22. At all pertinent times herein, Defendant, Charles Mcclelland was the Chief of police and abdicated his supervisory responsibilities and condoned and ratified the false arrest, false imprisonment, kidnapping, battery and infliction of unreasonable and excessive force upon Mr. Spurling; and failed to properly supervise, train or discipline HPD officers John Dow and James Dow.

23. HPD officers John Dow and James Dow actions were condoned by supervisors and higher ranking officers in the HPD and were a widespread custom and practice in the department.

24. Defendant, Charles Mcclelland was the Chief and other supervisors in the chain of command for officers John Dow and James Dow, were aware or should have been aware that these practices of **_Racially Profiling_** innocent citizens were taking place and failed to adequately monitor, supervise or control the usage of this equipment or to properly audit or monitor arrest statistics to the detriment of citizens' rights.

25. The failure of Defendants, Houston Police Department and Charles Mcclelland or the supervisor of defendants James Dow and John Dow to establish adequate or appropriate controls, monitors or audits of reports on crimes and crime statistics, enable and encourage defendants James Dow and John Dow and other HPD officers to engage in their unlawful practices "racial profiling" practices without accountability, scrutiny or discipline.

26. The results of these policies, customs and practices was that defendant officers and supervisors knew that their respective acts of misconduct would be condoned, approved and ratified and that they would more than likely escape any significant disciplinary action or accountability for their wrongful actions. The existence of these policies, customs and practices emboldened the defendant officers and supervisors herein to act with impunity, malice and willful and reckless disregard for the rights of plaintiff and others similarly situated.

27. Further, on information and belief, defendant officers and supervisors have, on previous occasions, participated in similar actions as those involved herein, and have been the subject of prior complaints regarding their misconduct, without adequate supervision, discipline or accountability.

28. As a result of the unlawful actions of the defendants as described herein, the plaintiff was interrupted in his lawful exercise of his constitutional rights, was verbally abused and threatened, was physically and emotionally harmed, was seized, handcuffed, kidnapped from his home and imprisoned, all without lawful authority or justification.

## V. CAUSES OF ACTION

29. Plaintiff re-alleges paragraphs 1-23.

30. Defendants OFFICERS JAMES DOW AND JOHN DOW acting individually and collectively, engaged in a course of conduct and also conspired among themselves to falsely arrest, imprison and use excessive force against plaintiff, all in violation of plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, guaranteeing the rights to be free from unreasonable search and seizure and to due process of law, all in violation of 42 U.S.C. 1983.

31. Defendants OFFICERS JAMES DOW AND JOHN DOW acting had knowledge of the wrongs done and conspired to be done as described herein, had the power to prevent or aid in preventing the commission of same, yet neglected or refused to do so in violation of 42 USC 1983 and 1986.

32. Defendants OFFICERS JAMES DOW AND JOHN DOW acting in a course of conduct to invade plaintiff's privacy, falsely arrest, kidnap, imprison and use unreasonable and excessive force against him and to threaten and coerce him from pursuing redress for his complaint as a crime victim, in violation of plaintiff's rights as guaranteed under the First, Fourth, Ninth and Fourteenth Amendments to the United States Constitution, guaranteeing the right to privacy, the right of speech and association, the right to petition the government for redress of grievances, the right to be free from unreasonable search and seizure, the right to liberty, and the right to due process of law and the privileges and immunities guaranteed by law, all in violation of 42 U.S.C. 1983.

33. Defendants OFFICERS JAMES DOW AND JOHN DOW acting had knowledge of the wrong doing and conspired to the same as described herein, had the power to prevent or aid in preventing the commission of same, yet neglected or refused to do so in violation of 42 USC 1983 and 1986.

34. The actions of the defendants CITY OF HOUSTON and CHIEF OF POLICE CHARLES MCCLELLAND, in improperly hiring and then failing to properly supervise, discipline, investigate or otherwise intervene in the activities of defendant police officers and supervisors as described herein and failing to act to prevent said abuse, despite having the opportunity and duty to do so, violated the rights of Mr. Spurling's guaranteed under the First, Second, Fourth, Ninth and Fourteenth Amendments to the United States Constitution, as more fully described herein, all in violation of 42 U.S.C. 1983.

35. defendants CITY OF HOUSTON and CHIEF OF POLICE CHARLES MCCLELLAND, developed and maintained policies, customs and practices exhibiting deliberate indifference to the constitutional rights of individuals in the City of Houston, which caused the violation of Mr. Spurling's rights as described herein and the resultant damages suffered by plaintiff. These policies, customs and practices include the following:

   1. Failing to properly screen before hiring and failing to properly supervise, discipline, or train police officers and supervisors under their jurisdiction and control, including the defendant officers and supervisors.

   2. Failing to reasonably or properly investigate citizen complaints of police misconduct or of officers or supervisors suspected of misconduct, including the actions of defendant officers and supervisors.

   3. Failing to conduct appropriate in-service training or re-training of officers who were known or suspected to have engaged in misconduct, including defendant officers and supervisors.

   4. Failing to reasonably or appropriately monitor civil litigation or police misconduct revealed through criminal proceedings so as to take corrective and/or disciplinary action when necessary, including the actions of the defendant officers and supervisors.

   5. Permitting and condoning o policy, practice and custom whereby certain victims of crimes who reported those crimes to the HPD are falsely seized, handcuffed and transported, in police custody, without their consent or permission, and without lawful authority, and are threatened with or are forced to submit to voice stress analysis tests conducted by HPD officers, against their will.

36. As a result of the above described policies, practices and customs, police officers and supervisors of the HPD, including the defendant officers and supervisors, believed that their actions would not be properly monitored by supervisory officers and that their misconduct and unlawful actions would not be investigated or sanctioned, but would be condoned, approved and tolerated.

37. The actions of the defendants as described herein were done with deliberate indifference to the constitutional rights of the plaintiff. In "Racially Profiling" Mr. Spurling, Defendants Officers James Dow and John Doe acted maliciously, willfully, wantonly, and in reckless disregard of Mr. Spurling's rights.

38. The acts of the defendants as described herein were also done in violation of Texas statutory and constitutional law and constituted false arrest, false imprisonment, kidnapping, intentional infliction of emotional distress, battery, and violations of plaintiff's rights to

privacy, free speech, due process, to petition the government for redress of grievances and the right to be free from unreasonable search and seizure, under state law.

39. The Defendant City of Houston negligently hired, retained and entrusted defendant officers and supervisors and Chief of Police .

40. The Defendant City of Houston and its supervisory officers and Chief of Police negligently supervised, trained and disciplined defendant officers and supervisors in violation of Texas law.

41. The acts of the individual defendants herein were within the course and scope of their employment by the City of Houston and the City is vicariously liable for their acts and omissions in accordance with Texas law.

42. The defendants are jointly, severally and in solido liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or condoning the commission of the above described acts and/or omissions.

43. The actions of the defendants as described herein were the proximate cause of the damages suffered by plaintiff.

## VI. DAMAGES

44. As a result of the actions of the defendants as described above, the plaintiff suffered physical and emotional harm, pain and suffering, false arrest and imprisonment, kidnapping, embarrassment, loss of Good Will.  inconvenience, attorneys fees, and court costs in addition to other damages to proven at trial.

45. Punitive damages are sought against defendants Officers James Dow and John Dow.

## VII. PRAYER FOR RELIEF

WHEREFORE, Dennis Spurling prays that the defendants The City of Houston, Charles Mcclelland, the Houston Police Department, Officer James and Officer John Dow be served with a copy of this Complaint ant that after due proceedings, including trial by jury, that judgment be rendered on behalf of Dennis Spurling and against all defendants, The City of Houston, Charles Mcclelland, the Houston Police Department, Officer James and Officer John Dow, jointly, severally and in solido, for compensatory in the amount of $1,000,000.00 and punitive damages in the amount of $3,000,000.00 to be donated to Charitable Organizations of determined by Dennis Spurling benefitting and providing

services to victims of "police brutality" racial profiling, wrongful arrest and incarceration, police, prosecutorial and Judicial conduct" including but not limited to the NAACP, The National Urban League, the Southern Law Poverty Center, the ACLU, The Innocence Project, and to organizations providing assistance to those Children wrongly convicted by Pennsylvania Judge Mark Ciavarella, Jr., under the "Kids for Cash" scheme, innocent victims of the "Stop and Frisk" policies of the NYPD along with organizations benefitting the families of "Eric Garner, Staten Island, New York, John Crawford, Beavercreek, Ohio, Ezell Ford, Los Angeles, California, Dante Parker, Victorville, California" in addition to reasonable attorneys fees, all cost and interest due and such other relief that this Court deems just and proper.

Respectfully submitted,

*DENNIS SPURLING PLLC*
*ATTORNEY AT LAW & FRIENDS*

*/s/Dennis D. Spurling*
_____

**DENNIS D. SPURLING Esq.**
**TBN:24053909**
3003 South Loop West Suite 400
HOUSTON, TEXAS 77054
Tel: (713) 229 - 0770
Fax: (713) 229 - 8444
***Attorney for Mr. Dennis Spurling***